ORLINE KNOBLE v. THE STATE.

No. 8100.   Decided March 5, 1924.

Unlawfully Carrying a Pistol—Requested Charge—Evidence.

Where, upon trial of unlawfully carrying a pistol, appellant's defense was that the pistol in question belonged to her mother and that at her request appellant was taking it to her at the time of the arrest, but the testimony of the mother was that she made no such request but the person informing defendant testified that the mother did make such request, and that defendant was so informed, the court should have admitted this testimony, as this justified defendant in having the pistol, and should have been submitted to the jury.

Appeal from the County Court of Tarrant.   Tried below before the Honorable P. W. Seward.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Mays & Mays,* for appellant.—Cited: Sparks v. Johnson, 235 S. W. Rep., 975; Jeter v. State, 106 id., 371; Bluestein v. Collins, 103 id., 687; Cox v. State, 250 id., 676.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.—Cited: Craine v. State, 42 S. W. Rep., 302, and confessed error.

HAWKINS, JUDGE.—Appellant was convicted for unlawfully carrying a pistol and her punishment fixed at a fine of one hundred dollars.

Appellant lived with her mother, father and some other children in the city of Fort Worth.   The record discloses that very unhappy relations existed between the father and mother, and had reached such a state that a short time before this alleged offense the mother had suggested that a pistol be obtained in order to protect her and the children.   On account of the family trouble appellant's mother left her home in Fort Worth the day preceding the date of this alleged offense and had gone to her sister at the town of Handley. Some of the evidence is to the effect that all of her household goods had been moved to Handley except the pistol in question which she seems to have forgotten; other testimony is to the effect that she intended to remain at Handley for several days with her sister.   Appellant was arrested while driving down Commerce Street in the city of Fort Worth towards the depot and was on a direct route

from her home in Fort Worth to the town of Handley. Appellant's defense was that the pistol in question belonged to her mother, and that at her request appellant was taking it to her mother at Handley at the time the arrest occurred; that appellant's father was in the car in which she was riding at the time, and that she expected to stop at the depot (which was no divergence from her direct route) and let him out so he could take the train to Houston; that she intended to proceed directly from that point to her mother's at Handley. Appellant claimed to have received through her sister, Mrs. Clay, a message from their mother asking that the pistol be brought to her. When the mother was placed upon the witness stand she failed to .remember having any conversation with Mrs. Clay relative to such ·message, but did testify that she in person had requested that some of the children bring the pistol to her. The state of the record then before the jury was, that appellant justified her possession of the pistol by reliance upon a message from her mother delivered through Mrs. Clay; the mother denied sending the message, but affirmed that she in person had requested the delivery of the pistol. Realizing that in this condition of the record the jury might not believe either story on account of the apparent discrepancy appellant offered to prove by Mrs. Clay that the mother had in fact requested that appellant bring the pistol, and that Mrs. Clay in fact had delivered this message to appellant. Upon objection by the state this testimony was excluded, the objection appearing to be based upon the ground that it was an attempt by appellant to impeach her own witness. The bill bringing this matter forward for review shows that appellant's mother was an elderly lady, and that while being examined as a witness she became quite nervous and excited. In reply to the state's objection appellant averred that it was not an effort on her part to impeach her mother but that the evidence was offered as direct testimony justifying her in having the pistol in her possession at the time she was arrested. We think the learned trial judge in error in excluding the offered testimony. At appellant's request he gave a special charge telling the jury in substance that if appellant's mother had forgotten her pistol at the time she moved to Handley, and that appellant was carrying the pistol to the mother at her request appellant would not be guilty of a violation of the law. It occurs to us that the testimony excluded was properly admissible in support of the defensive issues thus submited. If A, being the owner of a pistol, is informed by B that C desires to buy it, and that if A would carry it to C's place of business a sale could be effected, and A is apprehended and charged with unlawfully carrying the pistol while on the way to negotiate a sale to C, surely it would be competent and permissible to show that B had received and delivered such message

to A, as explaining why he had the pistol at the time and where he was taking it.

For the error in excluded the offered testimony the judgment must be reversed and the cause remanded.

*Reversed and remanded.*